IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO F I L E D

UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-01724-BNB

OCT 2 3 2009

DAVID DURAN,

GREGORY C. LANGHAM
CLERK

Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

ORDER OF DISMISSAL

I. Background

Applicant David Duran is a prisoner in the custody of the Colorado Department of

Corrections at the Sterling, Colorado, Correctional Facility. Mr. Duran, acting **pro se**,

initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 challenging the validity of his conviction in the Denver County District

Court in Case Nos. 04CR4660 and 05CR1121.  In an order entered on August 17,

2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer

Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C.

§ 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On

August 28, 2009, Respondents filed a Pre-Answer Response.  Mr. Duran has failed to

file a Reply within the time allowed.

Mr. Duran asserts that on May 6, 2005, he pled guilty to one count of possession

of a controlled substance with intent to distribute in both cases and was sentenced to

two, twelve-year concurrent sentences. (Application at 2.) Mr. Duran asserts that he did not file a direct appeal or a postconviction motion. (Application at 2-4.)

Respondents assert that Mr. Duran pled guilty on May 6, 2005, in both cases, and was sentenced on June 30, 2005, to the two, twelve-year concurrent sentences. (Pre-Answer Resp. at 2.) Respondents further contend that the mittimuses in both cases were amended on July 6, 2005, *nunc pro tunc* to June 30, 2005. Respondents further assert that Mr. Duran did not file a direct appeal in either case, but did file a Colo. R. Crim. P. 35(b) postconviction motion in Case No. 04CR4660 on November 11, 2005. (Pre-Answer Resp. at 2.)

## II. Analysis

The Court must construe Mr. Duran's Application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

### A.   28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents assert that pursuant to Colo. App. R. 4(b) Mr. Duran's conviction was final on August 14, 2005, forty-five days after he was sentenced. (Pre-Answer Resp. at 4.)  Respondents further assert that in Case No. 04CR4660 the time ran for purposes of § 2244(d) from August 15, 2005, the day after Mr. Duran's conviction became final, until November 10, 2005, the day prior to when he filed a Rule 35(b) motion. (Pre-Answer Resp. at 4.)  Respondents also assert that the time again began to run on July 18, 2006, the day after the forty-five days ran for Mr. Duran to file an appeal of the denial of his Rule 35(b) motion. (Pre-Answer Resp. at 4.)  Respondents conclude that the one-year time period under § 2244(d) expired on April 20, 2007, and because Mr. Duran did not file the instant action until 2009 the action is time-barred.

3

As for Case No. 05CR1121, Respondents assert that because Mr. Duran did not file a Rule 35(b) motion in this case, the time limit expired earlier than it did in Case No. 04CR4660.

Mr. Duran was sentenced on June 30, 2005, in both cases. (Pre-Answer Resp. at Appxs. A and B.) The judgment of conviction was entered on July 6, 2005, **nunc pro tunc** to June 30, 2005. Although it is clear that the state court intended for Mr. Duran's conviction to be entered on June 30, 2005, this Court for the purposes of calculating the time under § 2244(d) will utilize the July 6, 2005, date. Because Mr. Duran did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. **See** 28 U.S.C. § 2244(d)(1)(A). Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Duran had forty-five days to file a notice of appeal after he was sentenced. Therefore, the convictions in both cases were final on August 21, 2005. **See** Colo. App. R. 4(b) and 26(a). In the absence of any reason to toll the limitations period, Applicant should have initiated this action by August 21, 2006.

Mr. Duran's Rule 35(b) postconviction motion in Case No. 04CR4660 was filed on October 11, 2005, and denied on May 31, 2006. (Pre-Answer Resp. at Appx. A.) Mr. Duran had forty-five days to appeal the denial of his Rule 35(b) motion, but even though he did not appeal the forty-five days is tolled for the purposes of § 2244(d). Therefore, the time is tolled from October 11, 2005, the day he filed his Rule 35(b) postconviction motion, until July 17, 2006, the day the forty-five days expired for Mr. Duran to appeal the denial of the motion. **See** Colo. App. R. 4(b) and 26(a).

4

The time again began to run on July 18, 2006, the day after the forty-five days expired, until May 25, 2009, the day prior to when Mr. Duran signed and dated the 28 U.S.C. § 2254 Application for filing in this Court.  Overall, the time that is not tolled under § 2244(d) is over three years in Case No. 04CR4660.

With respect to Case No. 04CR1121, the time is not tolled from August 22, 2005, the day after Mr. Duran's conviction was final until May 25, 2009, the day prior to when Mr. Duran signed and dated the § 2254 Application for filing in this Court, almost four years.

Mr. Duran does not allege that there are any constitutional rights newly recognized by the Supreme Court that apply to his case.  He also does not assert that there were any impediments to filing an application which were created by state action. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  Simple excusable neglect, however, is not sufficient to support equitable tolling.  *See id.*  Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently.  *See Miller*, 141

5

F.3d at 978. The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Duran bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Duran does claim that his conviction is not final because he was denied his right to file a direct appeal. (Application at 7.) Mr. Duran further asserts that he has a right to a direct appeal as part of a plea agreement and is subjected to ineffective assistance of counsel if counsel fails to file a direct appeal. (Application at 10.) Even if the Court construes Mr. Duran's argument as a basis for equitable tolling, the argument lacks merit. Mr. Duran knew counsel had failed to file a direct appeal soon after his sentencing or at least within a reasonable time after he was sentenced. He provides no reason why he was not able to file a postconviction motion prior to May 26, 2009, challenging the denial of his right to file a direct appeal.

The Court finds that Mr. Duran fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Duran has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review because the Application is time-barred under 28 U.S.C. § 2244(d). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this _23_ day of _____ Oct _____, 2009.

BY THE COURT:


ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  09-cv-01724-BNB

David Duran
Prisoner No.  49072
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


       I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on  10/23/09

                                          GREGORY C. LANGHAM, CLERK


                                          By: _____
                                                         Deputy Clerk